NICOLA A. PISANO, CA Bar No. 151282
  npisano@foley.com
JOSE L. PATIÑO, CA Bar No. 149568
  jpatino@foley.com
JUSTIN E. GRAY, CA Bar No. 282452
  jegray@foley.com
SCOTT A. PENNER, CA Bar No. 253716
  spenner@foley.com
FOLEY & LARDNER LLP
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130
TELEPHONE:   858.847.6700
FACSIMILE:   858.792.6773

Attorneys for Plaintiff
ESET, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESET, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>FINJAN, INC.,<br><br>  Defendant. | Case No.  **'16CV1704 MMA BGS**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff ESET, LLC ("ESET" or "Plaintiff"), by and through its undersigned attorneys, for its Complaint for Declaratory Judgment against Finjan, Inc. ("Finjan" or "Defendant"), and demanding trial by jury, hereby alleges as follows:

## NATURE OF ACTION

1. This is a declaratory judgment action seeking a declaration of non-infringement of U.S. Patent No. 7,975,305 ("the '305 patent"), a true and correct copy of which is attached hereto as Exhibit 1.

## THE PARTIES

2. ESET is a California Limited Liability Corporation having its principal place of business at 610 West Ash Street, Suite 1700, San Diego, California 92101.

3. On information and belief, Defendant Finjan is a Delaware corporation, with its principal place of business at 2000 University Avenue, Suite 600, East Palo Alto, California, 94303.

## JURISDICTION AND VENUE

4. This Complaint arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy between the parties to declare that ESET does not infringe any claim of the '305 patent.

5. This Court has jurisdiction over the subject matter of this claim pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202, and 35 U.S.C. § 100, *et seq*.

6. This Court has personal jurisdiction over Finjan at least because of its continuous and systematic contacts with the State of California, including conducting of substantial and regular business therein through the enforcement and licensing of its intellectual property, including the '305 patent, to California corporations and business entities and individuals residing in California and/or organized under the laws of the State of California.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and

1 1400(b).

## FACTUAL BACKGROUND

8. Finjan and ESET have been in discussions since February 2015 regarding Finjan's threat of suit regarding its patent portfolio.

9. Finjan has brought a series of lawsuits against various companies concerning the '305 patent. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 3:13-cv-05808 (N.D. Cal.); *Finjan, Inc. v. FireEye, Inc.*, No. 4:13-cv-03133 (N.D. Cal.).

10. Through communications between the parties, Finjan has accused ESET of infringing claim 13 of the '305 patent. ESET has explained to Finjan that ESET does not infringe any claim of the '305 patent.

## PATENT-IN-SUIT

11. On its face, the '305 patent entitled "Method and System for Adaptive Rule-Based Content Scanners for Desktop Computers" indicates it was issued by the United States Patent and Trademark Office on July 5, 2011.

12. According to the records at the United States Patent and Trademark Office, Finjan is the assignee of the '305 patent.

13. On information and belief, and based on the assertions of Finjan in *Finjan, Inc. v. Proofpoint, Inc.*, No. 3:13-cv-05808 (N.D. Cal.), Finjan has all substantial rights and interest to the '305 patent.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF THE '305 PATENT

14. ESET repeats and realleges Paragraphs 1-13 of its Complaint as if fully set forth herein.

15. Finjan has asserted that ESET has infringed claim 13 of the '305 patent.

16. ESET denies any claim of infringement of the claims of the '305 patent, and contends that it does not infringe any claim of the '305 patent. By way of example, the ESET products Finjan alleges infringe the '305 patent do not include "a database of

parser and analyzer rules" as required by the claims of the '305 patent.

17. An actual and justiciable controversy has thus arisen between Finjan and ESET concerning the alleged infringement of the '305 patent.

18. Pursuant to the Federal Declaratory Act, 28 U.S.C. § 2201, *et seq.*, ESET is entitled to judgment from this Court finding that the '305 patent is not infringed, directly or indirectly, by ESET.

### DEMAND FOR JURY TRIAL

ESET demands a jury trial on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, ESET prays as follows:

A. Declare that ESET has not infringed any claim of the '305 patent;

B. Enjoin Finjan, its assigns, and all those in privity therewith from asserting any of the claims of the '305 patent against ESET or any of its customers or suppliers;

C. Find this case an exceptional case and award ESET its fees and costs in this suit under 35 U.S.C. § 285; and

D. For such other and further relief as the Court may deem just and proper.

Dated: July 1, 2016                     Respectfully submitted,

                                        FOLEY & LARDNER LLP


                                        */s/ Nicola A. Pisano*
                                        Nicola A. Pisano (CA Bar No. 151282)
                                            npisano@foley.com
                                        Jose L. Patiño (CA Bar No. 149568)
                                            jpatino@foley.com
                                        Justin E. Gray (CA Bar No. 282452)
                                            jegray@foley.com
                                        Scott A. Penner (CA Bar No. 253716)
                                            spenner@foley.com
                                        3579 Valley Centre Drive, Suite 300
                                        San Diego, CA 92130-3302

                                        Attorneys for Plaintiff
                                        ESET, LLC